IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| OSCAR LEE SYKES, JR., | ) Civil Action No.: 4:04-2016-RBH-TER |
| Plaintiff, | ) |
| v. | ) |
|  | ) REPORT AND RECOMMENDATION |
| HORRY COUNTY, HORRY COUNTY CLERK OF COURT, (MRS. JEANNE J. ROBERTS), | ) |
| Defendants. | ) |

Plaintiff, Oscar Lee Sykes, Jr., ("plaintiff/Sykes") filed this action under 42 U.S.C. § 1983[1] on June 29, 2004. Plaintiff alleges that his constitutional rights were violated. The defendants filed an answer on July 29, 2004. On November 9, 2004, the defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure along with a memorandum in support of that motion (Document #17-18). Because the plaintiff is proceeding pro se, he was advised on or about November 15, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. The plaintiff filed a response on November 30, 2005.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Court.

1

## II.  DISCUSSION

### A.  ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff alleges that the Clerk of Court for Horry County, Ms. Roberts', action associated with the filing and transfer of his Motion to be Reappointed Attorney Counsel and Motion for a Speedy Trial constituted a denial of due Process of the South Carolina Constitution and U.S. Constitution. Plaintiff argues that both his motions were denied, violating his Sixth Amendment rights. Plaintiff asserts that defendant Roberts detained him from being appointed adequate counsel and caused unnecessary, unwanted mental strain and anguish due to having to act as his own co-attorney counsel. Plaintiff requested monetary damages in the amount of five million ($5,000,000.00) dollars.

Defendants filed a motion for summary judgment and memorandum setting out their statement of facts. Defendants assert that plaintiff was arrested on November 5, 2003, and charged by the Horry County Police Department of Criminal Sexual Conduct 1st Degree, Kidnapping, and Assault and Battery with Intent to Kill. On November 12, 2003, defendants assert that an Affidavit of Indigency and Application for Counsel was filed on plaintiff's behalf. (Def. Exhibit D). On November 21, 2003, Attorney Lucia Bacot, an attorney with the office of the Public Defender, was appointed as plaintiff's criminal attorney. (Def. Exhibit E).  On that same date, November 21, 2003, the Public Defender's Office filed a Notice and Motion for Production of Specific Evidence and Disclosure of Witnesses. (Def. Exhibit F).

Defendants assert that sometime around March 2004, plaintiff became dissatisfied with Lucia Bacot's representation and began drafting and filing legal documents on his own behalf. On March 19, 2004, plaintiff filed an Affidavit for Change of Venue in which he accused Lucia Bacot of

negligence and misrepresentation. (Def. Exhibit G). On April 5, 2004, plaintiff filed another affidavit for Change of Venue, complaining that he would not be able to receive a fair trial due in part to Lucia Bacot's representation. Defendants assert that plaintiff's request for a new attorney was granted on April 12, 2004, and, Attorney Orrie West was substituted as counsel. (Def. Exhibit I). However, defendants state that plaintiff persisted in representing himself, drafting and filing documents on his own behalf.

On June 9, 2004, plaintiff wrote the Clerk of Court for Horry County, defendant Roberts, attaching a Motion to be Reappoionted counsel with an explanation that the Motion was originally mailed to Roberts on May 24, 2004. Defendants assert that plaintiff protested that the Motion was returned without a "clock stamp seal" validating that it was filed and transferred to the solicitor. Defendants assert that plaintiff informed the Clerk of Court that attorney Orrie West was fired as his counsel on April 27, 2004. (Def. Exhibit P). Defendants state that, as requested, defendant Roberts stamped the Motion "Horry County, 04 Jun-9 AM 10:48Jeanne J. Roberts, Clerk of Court" and "transferred to Solicitor June 23, 2004." (Def. Exhibit Q). On June 15, 2004, plaintiff filed a Motion and Demand for a Fast and Speedy Trial. (Def. Exhibit R).

Defendants assert that they are entitled to summary judgment in that plaintiff's claims are not ripe, defendant Roberts is absolutely immune from suit, and the action is barred by the Eleventh Amendment.

### B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v.

Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

      The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. FAILURE TO STATE A CLAIM

Defendants argue that in order for a claim to be ripe, there must exist a justiciable controversy. Defendants assert that according to the complaint, the only action taken against the plaintiff is that defendant Roberts detained him form being appointed adequate attorney counsel and caused unnecessary, unwanted mental strain and anguish by causing the plaintiff to act as his own co-counsel. Defendants assert that there is no allegation in the complaint that plaintiff has been convicted of Criminal Sexual Conduct 1st degree, Kidnapping, and/or Assault and Battery with intent to Kill. Thus, defendants argue that plaintiff has not alleged any damage as a result of his allegations but is only complaining about something that could happen. Therefore, defendants argue that plaintiff's complaint fails to present a justiciable controversy and should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff filed a response to the motion for summary judgment in which he argues that his claim is ripe and appropriate for judicial determination, on the grounds that defendant Roberts did "in fact intentionally act with in bad faith, be delaying process of plaintiff's motion to reappoint Attorney counsel. as well as not completing the process of filing and transferring the plaintiff's filings (motion and demand for fast and speedy trial). Plaintiff argues that as a result, his case has not been scheduled for a hearing before a judge in the court of General Sessions Fifteenth Judicial Circuit.

To state a civil rights claim, one must allege that he, himself, sustained deprivation of right, privilege, or immunity secured by the Constitution or federal law. <u>Inmates v. Owens</u>, 561 F.2d 560, 562-63 (4th Cir. 1977). To demonstrate standing, the plaintiff must allege personal injury fairly traceable to defendants' allegedly unlawful conduct and likely to be redressed by requested relief.

5

Allen v. Wright, 468 U,.S. 737, 751 (1984). Plaintiff has not alleged any injury other than unwanted mental strain and anguish. Plaintiff cannot recover damages for emotional distress. Case law prior to the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish in prison, and hence, there is no liability under § 1983 regarding such claims. See Grand Staff v. City of Borger, 767 F.2d 161 (5th Cir. 1989). The Prison Litigation Reform Act provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U. S. C. § 1983. See new 42 U.S.C. § 1997e(e); Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997).  As the plaintiff has not provided evidence of any physical injury or damage, he is not entitled to recover for mental anguish or emotional distress under 42 U. S. C. § 1983. Therefore, his claims for emotional distress should be dismissed. Further, plaintiff has not shown any evidence of his claim in his response that but for the delay or by not transferring his motion for a speedy trial , he would have had a hearing scheduled in General Sessions Court.[2]

### D.  IMMUNITY

Defendants allege that even if plaintiff's complaint states a justiciable controversy, defendant Roberts is entitled to absolute judicial and/or quasi-judicial immunity.

County Clerks of Court, though elected by the voters of a County, are also part of the State of South Carolina's unified judicial system.  *See* S.C. Const. Article V, § 24; § 14-1-40, South Carolina Code of Laws (as amended); § 14-17-10, South Carolina Code of Laws (as amended).  In the above-captioned case, defendant Roberts, the Clerk of Court for Horry County has quasi-judicial immunity because the plaintiff's allegations show that the defendant was following rules of a Court,

---

[2] These defendants are entitled to summary dismissal because a right of action has not accrued.  *See* Heck v. Humphrey, 512 U.S. 477, (1994).

or was acting pursuant to authority delegated by a court to Clerk's Office personnel. *See* Cook v. Smith, 812 F. Supp. 561, 562(E.D.Pa. 1993); Mourat v. Common Pleas Court of Lehigh County, 515 F. Supp. 1074, 1076 (E.D.Pa. 1981). In Mourat v. Common Pleas Court of Lehigh County, the district court, in a bench ruling, held that:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

Mourat v. Common Pleas Court for Lehigh County, 515 F. Supp. at 1076; *see also* Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993), *quoting* Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U. S. 956 (1989); *see also* Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

Furthermore, the United States Court of Appeals for the Fourth Circuit overruled an anomalous precedent relating to Clerks of Court and Deputy Clerks of Court. In McCray v.

7

Maryland, 456 F.2d 1 (4th Cir. 1972), the court concluded that suits against clerks of court were not subject to summary dismissal. McCray v. Maryland was probably superannuated in 1982 by Harlow v. Fitzgerald, but the United States Court of Appeals for the Fourth Circuit did not have occasion to address its prior holding in McCray v. Maryland until 1995. *See* Pink v. Lester, 52 F.3d 73 (4th Cir. 1995), which, in effect, overruled McCray v. Maryland. *Cf.* Lee X v. Casey, 771 F. Supp. 725 (E.D.Va. 1991).

Based on the above, the undersigned finds that defendants' motion for summary judgment should be granted on this basis.

Further, defendants assert that looking to the substance of plaintiff's allegations, it is clear that plaintiff's claims against defendant Roberts are, in effect, official capacity claims. Defendants assert that plaintiff alleges that defendant Roberts detained him from being appointed adequate attorney counsel and caused unnecessary, unwanted mental strain and anguish due to having to act as his own co-counsel. Defendants assert that plaintiff implies that defendant Roberts' delay in filing his documents, his Motion to be Reappointed Attorney Counsel and Motion and Demand for a Speedy Trial were denied but plaintiff has not alleged that defendant Roberts was personally involved in the denial of his motions. Therefore, defendants argue that plaintiff's claims should be deemed to e official capacity claims which are barred by the Eleventh Amendment to the United States Constitution.

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.

In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme

Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity (cites omitted) or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. Will, supra at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state. State officials may only be sued in their individual capacities.

There is no dispute that defendant Roberts was employed by the state as the Clerk of Court for Horry County and, thus, a state official acting in her official capacity. Therefore, she is entitled to Eleventh Amendment immunity from monetary damages.

Additionally, as to defendant Horry County, in order to maintain a 42 U.S.C. § 1983 municipal liability claim, a plaintiff must affirmatively establish that the alleged constitutional violation was directly caused by an official practice, policy, or custom of the municipality. Monell, supra. Based upon a review of the evidence of record, the undersigned concludes the evidence of record fails to create a genuine issue of material fact as to whether the plaintiff's alleged constitutional violations were "directly caused by an official practice, policy or custom of the municipality." The plaintiff never alleged any allegations against Horry County in his complaint. Hence, the plaintiff failed to state a cause of action against this defendant. Therefore, it appears the

plaintiff was attempting to hold the municipality, Horry County, vicariously liable for the acts of its employees. However, as stated above in Monell, supra, the Supreme Court held that municipalities cannot be held vicariously liable under §1983 for the acts of their employees. Accordingly, the plaintiff's claims against the municipality of Horry County must fail as a matter of law. As a result, the undersigned recommends that the defendants' motion for summary judgment be granted in this regard.

### III. CONCLUSION

The plaintiff has failed to show that defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983 or the Sixth or Fourteenth Amendment. It is therefore,

**RECOMMENDED** that the motion filed by the defendants for summary judgment (document #17) be GRANTED IN  ENTIRETY  and that this matter be **DISMISSED** as no constitutional or statutory rights have been violated.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 18, 2005
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**