UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Oscar Lee Sykes, Jr., | ) | C/A No. 4:04-2016-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Horry County, Horry County Clerk of Court, (Mrs. Jeanne J. Roberts), | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Horry County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that the Clerk of Court for Horry County, Ms. Roberts', action associated with the filing and transfer of his Motion to be Reappointed Attorney Counsel and Motion for a Speedy Trial constituted a denial of due Process of the South Carolina Constitution and U.S. Constitution. Plaintiff argues that both his motions were denied, violating his Sixth Amendment rights. Plaintiff asserts that defendant Roberts detained him from being appointed adequate counsel and caused unnecessary, unwanted mental strain and anguish due to having to act as his own co-attorney counsel. Plaintiff requested monetary damages in the amount of five million ($5,000,000.00) dollars.

Defendants filed a motion for summary judgment on November 9, 2004. Because the plaintiff is proceeding *pro se*, he was advised on or about November 15, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his

1

complaint. The plaintiff filed a response on November 30, 2005.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Thomas E. Rogers, III, for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on May 18, 2005 in which he recommended that defendants' motion for summary judgment be granted and this matter dismissed. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Court has reviewed the Report, pleadings, and applicable law. The Court adopts the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment is **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 7, 2005
Florence, SC